# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:14-CR-00080-KDB-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **ROLAND EDWARD GULLETT,** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's pro se motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) and guideline Amendment 798 to the United States Sentencing Guidelines. (Doc. No. 42).

Defendant was sentenced on September 29, 2015 and the effective date of Amendment 798 was August 1, 2016. Thus, it would require a retroactive application of Amendment 798 to modify Defendant's sentence. However, Amendment 798 is not listed in U.S.S.G. § 1B1.10(d) and thus does not apply retroactively. *See, e.g.*, *United States v. Raymonde*, No. 20-1254, 2021 WL 2143718, at *2 n.4 (10th Cir. 2021) ("The decision not to list an amendment in USSG § 1B1.10(d) concerns retroactive applicability in determining '[e]ligibility for consideration [for a sentence reduction] under ... § 3582(c)(2).'"). Therefore, because reducing Defendant's sentence under Amendment 798 "would be inconsistent with the Sentencing Commission's 'applicable policy statement,'" U.S.S.G. § 1B1.10, it cannot be applied to Defendant. *United States v. Rollin*, 717 Fed. Appx. 827, 829 (10th Cir. 2017); *see also Deese v. United States*, No. 7:10-CR-64-FL-1, 2017 WL 3025868, at *2 (E.D.N.C. July 17, 2017) ("Amendment 798 was not made retroactive, and therefore, it does not apply to petitioner.").

**IT IS THEREFORE ORDERED** that Defendant's motion for sentence modification, (Doc. No. 42), is **DENIED.**

Signed: July 14, 2021

Kenneth D. Bell
United States District Judge